## Petition of HERMAN PELKE.

No. 10937
Decided March 29, 1965.
400 P.2d 403.

Herman Pelke, pro se.

PER CURIAM.

Original proceeding. Petition for writ of habeas corpus filed by Herman Pelke, an inmate of the Montana State Prison, appearing pro se.

Before discussing the allegations contained in the petition, reference should be made to State v. Pelke, 143 Mont. 262, 389 P.2d 164, which was an appeal from the judgment and sentence upon a plea of guilty to the crime of first degree burglary, and from a subsequent order denying a motion for leave to withdraw the plea, and wherein petitioner was represented by counsel. A reading of that opinion will disclose that petitioner

in his motion for leave to withdraw his plea of guilty charged that the victim of the burglary had threatened and cursed him at the county jail and threatened to shoot him. These contentions were controverted, and we referred in our opinion to the failure of the petitioner to mention to the trial judge that he had plead guilty while under the claimed coercion induced by threats upon his life, in spite of the fact the judge had told him he would allow a withdrawal of the guilty plea if petitioner had a valid reason. We further commented in that opinion that the defendant's motion was devoid of any allegation that he was in fact put in fear by the threats of the victim of the burglary or that such fear induced a guilty plea.

Bearing in mind these contentions raised by petitioner upon his appeal, his application now alleges that the victim of the burglary was deputized to bring him back to Big Timber from Dillon, Montana, for the sole purpose of antagonizing and terrorizing him and that the victim did just that; that on several occasions on the trip, the victim threatened petitioner with a pistol, repeatedly cursed him and threatened to shoot him. He also makes allegations with respect to conversations with the county attorney and then contends that it was through fear and threats that he entered his plea of guilty.

Petitioner now is raising the same questions raised upon his appeal, but he has carefully read the opinion of this court upon his appeal and now asserts other circumstances never before mentioned to supply his contended fear. We cannot give credence to this attempt at this late date to augment the previous assertions of what caused the fear and confusion that petitioner claims he was overcome by when he entered his plea.

The application is denied and the proceeding is dismissed.